# EXHIBIT "001"

UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RECEIVED
2001 FEB 15 A 10: 46

|  |  |
|---|---|
| TUYEN NGOC PHAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 3:07-CV-85-J-20 HTS |
| ) | |
| ) | **Jury Trail Demand** |
| NELNET, INC., a Nebraska Corporation ) | |
| ) | |
| Defendant(s). ) | |

## AMENDED COMPLAINT
## FOR INJUNCTIVE RELIEF AND PUNITIVE DAMAGE

*Tuyen Ngoc Phan states the following claims for relief:*

### PARTIES

1. The Plaintiff to this lawsuit is Tuyen Ngoc Phan, a citizen of the United States who resides at 9401 Osprey Branch Trail Unit 9, Jacksonville, FL 32257.

2. Tuyen Ngoc Phan is a consumer as defined by the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq* (hereinafter "FCRA") at §1681 a(c).

3. The Defendants to this lawsuit is Nelnet Loan Services, Inc. ("Nelnet") which is a Nebraska Corporation authorized to do business in State of Florida and maintains its office at 6420 Southpoint Parkway, Jacksonville, FL 32216, and whose resident agent, The Corporation Company, maintains its office at 3515 South Parker Road, Aurora, CO 80014.

# EXHIBIT "001"

4.  Nelnet is a furnisher of information as contemplated by the FCRA, 15 U. S. C. §1681s-2(a) and (b), that regularly and in the course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## JURISDICTION

5.  This lawsuit, being brought pursuant to 15 U.S.C. §1681 *et seq* and 15 U.S.C. §1679 *et seq.* presents a federal question and as such, jurisdiction arises under 28 U.S.C. §1331. This court may also exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to any federal law claims under 28 U.S.C. §1367.

6.  All allegations and claims in this complaint stem from inaccurate credit reporting. Failed to follow procedure as required in a case of disputed accuracy. Failed to perform throughout investigation of disputed and continued reporting information after notice and confirmation of errors. Failed to correct and update information and continued reporting information with actual knowledge of errors. Failed to provide notice of disputed in the trade-line furnished to the national credit reporting agencies a statement that the consumer disputed the trade-line or any information furnished in the trade line. Failed to provide notice of delinquency of accounts being placed for collection or subject to any similar action shall, not later than 90 days after furnishing the information, notify each of the national credit-reporting agency of the date of delinquency on the account. Altered correct information and replaced with information contains errors. Made an untrue and misleading statement with respect to the national credit reporting agencies.

# EXHIBIT "001"

## GENERAL FACTUAL ALLEGATIONS

7. Plaintiff was a debtor on an account that serviced by Nelnet Loan Services, Inc. Plaintiff's account was for a student loan note dated on or about November 16, 1998. Plaintiff did receive a loan to attend at the Florida Community College of Jacksonville. Attached hereto as exhibit "A." photocopy of original contract.

8. Some time after May 06, 1999, Plaintiff withdrawal from Florida Community College and the loan note became due but enable to make payment and thereafter delinquent.

9. On or an about November 14, 1999, Nelnet engaged to collect a debt occurred on November 10, 1998 for the first disbursement of a student loan note in the amount of $2,625.00 from an out-standing debt owed by Plaintiff.

10. Plaintiff unfavorable financial condition at the time makes it difficult to repay her debt, and as her attorney advises, bankruptcy was an only option. Plaintiff filed for Chapter 13 on or an about December 17, 1999, and later converted into Chapter 7. Plaintiff's Chapter 7 was discharged on or an about November 29, 2000.

11. During the course of Plaintiff's bankruptcy proceeding. Netnel has make numerous attempted by telephone to collect this debt from the Plaintiff, but was advised to contact Plaintiff's attorney. Although, it is not knows whether Nelnet has contacting the Plaintiff's attorney, but its continued to collect a debt after been advised by Plaintiff that she has filed for Bankruptcy.

12. Until on or about March 11, 2005, the Florida Department of Education intercept Plaintiff's 2005 personal income tax refund in the amount of $2,661.00 to be applied toward the out-standing debt of $2,625.00, and in the following year, the Florida Department of

# EXHIBIT "001"

Education again intercept Plaintiff's 2006 personal income tax refund in the amount of $713.47 to be applied toward the remain balance of the debt. Attached hereto as exhibit "B."

13.     On or an about April 10, 2006, Plaintiff received a letter from the Florida Department of Education inform her the status of student loan note has been paid in full and the debt has been satisfied as of March 3, 2006. Attached hereto as exhibit "C."

14.     On August 4, Plaintiff purchased a consumer credit report via Internet from Equifax of the national credit agency, came across a trade line of Nelnet reported an account was "120 days past due of 2000s," and "120 days past due of 2001s," and "120 days past due of 2002," its also reported the current status of this account is in "Collection." But Nelnet did not report when the commencement of first major delinquency did occurred nor its report the date of last activity of the status of this trade line. Attached hereto as exhibit "D." a credit report provided by Equifax.

15.     On or an about August 7, 2006, Plaintiff send a written disputed direct to Nelnet requested its verify the accuracy of the trade line, disputing the amount of money owed and the historical status of this trade line. However, Nelnet did not response of Plaintiff's written requested. Attached hereto as exhibit "E." letter prepared by Plaintiff.

16.     On or about August 18, 2006, Plaintiff send a notice of disputed to each of the national credit agency, (Equifax, Experian, and TransUnion,) these notices were send priority mail with delivery confirmation that confirmed each of these credit-reporting agency has received her notices of disputed. Attached hereto as exhibit "F."

# EXHIBIT "001"

17. On August 29, 2006, Plaintiff send a second requested reinstated the early disputed but again Nelnet did not response. Attached hereto as exhibit "G." letter prepared by Plaintiff.

18. On or an about September 9, 2006, Plaintiff received final result of the reinvestigation into the trade line reported by Nelnet provided by Experian and Equifax. In these credit reports, each of the national credit agency reporting contains of information were contradict on previously disputed, the historical status from each report was incompatible and contains inaccurate information, and contrary to report obtained by Plaintiff on or an about August 4, 2006, as is mention on numbering 14 of this complaint. Attached as exhibit "H."

19. As regarding of the credit reports were provided by Equifax and Experian as mentions above, under the trade line reported by Nelnet, did not contains a statement as required Nelnet to notify each the national credit-reporting agency, a statements indicated that the consumer is disputed of the account.

20. On September 12, 2006, Plaintiff send a third written requested, certified mail and signed return receipt in which was delivered on September 14, 2006, and signed by its agent Blanche Pourcian. Plaintiff again requested that Nelnet verified the accuracy and completeness of the trade line reported, specifically the historical status of the account. However, Nelnet did not response to Plaintiff requested. Although, Nelnet has been put on notice on numerous notices that its continuing to report information with actual knowledge of errors, and confirmation of errors but Nelnet has chose to ignored Plaintiff requested. Attached hereto as exhibit "I." letter prepared by Plaintiff.

# EXHIBIT "001"

21.  Nelnet actions demonstrated disregard of the laws and consciously avoid knowing that the information is fault, and continuing to report information after Plaintiff has disputed that the historical status and information that is errorless.

22.  On or an about September 26, 2006, Plaintiff obtained an update credit reports from Experian, in which reviewed that Nelnet has verify the information its reported is accurate. Although, it is not knows whether Nelnet has investigate the information that Plaintiff disputed, and in according to this reported the information remain unchanged. However, Nelnet states that this account was 180 days past due, in which contrary of the previous reported. Attached hereto as exhibit "J." credit report provided by Experian.

23.  On or an about September 29, 2006, Plaintiff received an update report provided by Equifax, in this credit report contains information contrary of the early credit report as regarding the historically status of this account. Equifax's reported dated September 7, 2006 shows the last date of activity on this trade line was 04/2001, but report dated September 29, 2006 shows the last date of activity on the same trade line was 11/1999. Attached hereto as exhibit "K." Based on the information provided by each of the national credit-reporting agency, it is reasonable to assume that Nelnet did not have the correct information concerns the historically status of this account but continuing to verify the information supplying to each of the national credit reporting agency is accurate. Moreover, Nelnet has a duty to correct and update information that is necessary to make the information complete and accurate, and based on the credit report provided herein indicated that Nelnet has not taking necessary steps to exam the information has been disputed by Plaintiff and ignored every procedure put in place by Congress as regarding of accuracy and fairness of credit reporting under the Fair Credit Reporting Act.

# EXHIBIT "001"

24. Nelnet respond on October 16, 2006, but refused to investigate Plaintiff's written disputed, citing "Nelnet is not required to investigate a dispute that is submitted or prepared by a credit repair organization on behalf of Plaintiff". Attached hereto as exhibit "L" a letter prepared by Nelnet, Inc. But it is in fact all letters prepared and send by Plaintiff.

25. Nelnet has deliberately refused to investigate Plaintiff's disputed, and made an untrue or misleading statement with respect to Plaintiff to each of the national credit reporting agencies. Further, Nelnet did not address its efforts to investigate Plaintiff's disputed and continued to report information that Nelnet knows that is fault.

26. On October 20, 2006, Plaintiff send a response of Nelnet's October 16, 2006 letter and advise of its legal obligations, in which Nelnet required to verify the accuracy of the trade line provided. Attached hereto as exhibit "M." a letter prepared by Plaintiff.

27. Further, Plaintiff sends three additional written letters to each office of States and Federal agencies and reported Nelnet's violations of the Fair Credit Reporting. These letters were sending to Office of the Attorney General, Office of the Consumer Services, and the Federal Trade Commissioner. Attached hereto as exhibit "N." letters replied from each of the agencies mentions above.

28. On November 2, 2006, Nelnet responses but again did not take the necessary steps to correct the information reported to each of the national credit agency, in which contains errors. Attached hereto as exhibit "O." letter received from Nelnet, Inc.

29. On December 10, 2006, Plaintiff send a final notice inform Nelnet of Plaintiff intentions to file lawsuit again the corporation, and this letter was send certified mail signed return receipt directly to the corporation officer, Mr. Michael Dunlap. This letter outline numerous issues, specifically addressing Nelnel has legal obligations to investigate Plaintiff

# EXHIBIT "001"

disputed and correct and update information that is contains errors, and as result of Nelnet failures not in doing so shall not be deter for its actions. Attached hereto as exhibit "P." letter prepared by Plaintiff.

30. Nelnet respond on February 3, 2007 and again refused to investigate Plaintiff disputed and claim that its has verify the accuracy of her credit reporting in questions as accurate and valid reporting. Nelnet threat to continuing report a satisfied debt and inaccurate historical status beyond the statutory limitations (7 years) as requires under FCRA §604. Attached hereto as exhibit "Q." letter received from Nelnet, Inc.

### COUNT I – *Violation of the Fair Credit Reporting Act §611* (a)(1)(A) Reinvestigations of Disputes Information

Plaintiff incorporates the preceding allegations by reference.

31. Nelnet was required under 15 U.S.C. §1681i, to respond to the request for investigation initiated by Plaintiff by completing an inquiry into the facts underlying the trade-line and providing accurate information to the credit reporting agencies regarding that trade-line.

32. Nelnet negligently failed to conduct a proper reinvestigation of Plaintiff's credit reporting disputed in violation of 15 U.S.C. §§1681i and 1681o; alternatively Nelnet willfully refused to properly reinvestigate the inaccuracies in Plaintiff's credit report in violation of 15 U.S.C. §1681i and 1681n.

Plaintiff has suffered damages as a result of this violation of the FCRA.

### COUNT II – *Violation of the Fair Credit Reporting Act §623* (a)(2) Duty to Correct and Update Information

Plaintiff incorporates the preceding allegations by reference.

# EXHIBIT "001"

33. Nelnet has a duty of the furnisher to provide accuarate information. There were numerous of written requested were send to Nelnet complaining the historical status is incorrect. A dispute was sent to the national credit reporting an agency stating that Nelnet verified the historical status of the account is correct. Although a credit report from Experian showing the result of Plaintiff disputed made, states that Nelnet verified the trade line. Nelnet never sent document to verify the claim of the historical status. Nelnet actions are in violation of 15 U. S. C. §1681s-2.

Plaintiff has suffered damages as a result of this violation of the FCRA.

### COUNT III – *Violation of the Fair Credit Reporting Act §623* (a)(3) Duty to Provide Notice of Dispute

Plaintiff incorporates the preceding allegations by reference.

34. Nelnet has failed to provide in the trade line furnisher to the national credit reporting agencies a statement that the consumer is disputing the trade line or any information furnisher in the trade line, and credit reports provided from each of the national credit-reporting agency does not contain a statement that the trade line is being disputed. Nelnet actions are in violation of 15 U. S. C. §1681s-2.

Plaintiff has suffered damages as a result of this violation of the FCRA.

### COUNT IV – *Violation of the Fair Credit Reporting Act §623* (a)(1)(B) Reporting Information After Notice and Confirmation of Errors

Plaintiff incorporates the preceding allegations by reference.

35. Nelnet has failed to correct the historical status showing that 180 days late, on once instance of the information provided from each of the national credit-reporting agency shows that is in fact Nelnet reported this information. Although, Plaintiff has put Nelnet on numerous letters and notices that is in fact the information is inaccurate, but Nelnet is

# EXHIBIT "001"

continuing to report inaccurate information. Nelnet actions are in violations of 15 U. S. C. §1681s-2.

Plaintiff has suffered damages as a result of this violation of the FCRA.

### COUNT V – *Violation of the Fair Credit Reporting Act §623*
### (1)(A) Reporting Information with Actual Knowledge of Errors

Plaintiff incorporates the preceding allegations by reference.

36. Nelnet has failed to correct the historical status showing that last activity reported to Equifax verified that the date of last activity was 4/2001, but it was in fact 11/1999.

37. Nelnet has actual knowledge of the last activity is 11//1999 but altered information and replaced with a different information and verify the accuracy of the information at 04//2001, thereby continuing to report beyond the statutory of limitations (7 years). Nelnet actions are violations of 15 U. S. C. §1681s-2.

Plaintiff has suffered damages as a result of this violation of the FCRA.

### COUNT VI – *Violation of the Fair Credit Reporting Act §623*
### (a)(5) Duty to Provide Notice of Delinquency of Accounts

Plaintiff incorporates the preceding allegations by reference.

38. Nelnet has a duty to report information concerning a delinquent account placed for collection, the furnisher must, within 90 days after reporting the information to the national credit reporting agencies within the month and the year of the commencement of the delinquency proceed the action, so that the credit reporting agency will know how long to keep the information in the consumer's file. Equifax and Experian credit reports indicated that Nelnet has never furnished the information within 90 days concerning a delinquent account placed for collection. Nelnet actions are violations of 15 U. S. C. §1681s-2.

Plaintiff has suffered damages as a result of this violation of the FCRA.

# EXHIBIT "001"

COUNT VII – *Violation of the Credit Repair Organization Act*

Plaintiff incorporates the preceding allegations by reference.

39.     Plaintiff is a consumer as that term is used in the Credit Repair Organization Act, 15 U.S.C. §1679a(1).

40.     Nelnet has made untrue and/or misleading statements with respect to Plaintiff to each of the major consumer reporting agencies in violation of CROA, 15 U.S.C. §1679b(1).

41.     Plaintiff has not employer any organization to assist with the preparation of these disputed letters, and is a fact that Plaintiff wrote all of these letter and send to Nelnet. Plaintiff has suffered damages as a result of this violation of the CROA.

COUNT VIII – *Special Request for Declaratory and Injunctive Relief Under Florida Common Law*

Plaintiff incorporates the preceding allegations by reference.

42.     Plaintiff requests that this Honorable Court declare the rights of the parties relative to the paid in full status, and the historically status of 180 days past due is incorrect, and declare that the first major delinquency date on this account is 11/14/1999.

COUNT IX – *Violation of the Fair Credit Reporting Act §616*
Civil Liability For Noncompliance 15 U. S. C. §1681n

(a) In general.  Any person who willfully fails to comply with the requirement imposed under this title with respect to any consumer is liable to that consumer in amount equal to the sum of

(1)(A) any actual damage stained by the consumer as result of the failure or damages of not less $100 and not more than $1,000.00

(2) such amount of punitive damages as the court may allow:

# EXHIBIT "001"

Plaintiff incorporates the preceding allegations by reference

43.     Plaintiff last written letter dated December 10, 2006, attached hereto as exhibit "R." The period of time that Plaintiff has been disputing the inaccurate information reported by Nelnet, and after its has been confirm the information is in fact inaccurate but continuing to report information that absolutely knows that the information is not correct but refused to update nor change. Therefore, the last letter is the actual proof of Nelnet refused to cooperate and unwillingness to comply with the Fair Credit Reporting Act.

## COUNT X – *Damages and Losses*

44.     Nelnet has funished a trade line to the national credit reporting agencies. The trade line has assisted several lending companies in denying credit opportunities. Attached hereto as exhibit "S" a denial letter from HSBC Auto Credit Inc. The amount of loan seeking is $10,000.00 is lost due from trade line provided by Nelnet.

45.     Moreover, Nelnet continued to report information was confirm to be inaccurate, as direct result, Plaintiff's credit rating was calculated at a high risk consumer, therefore enable to qualify for lower rate on mortgage that was finance from Accredited Home Lenders, Inc. Plaintiff estimated lost at $175,000.00 dollars, because the interest rate that she would have been qualify estimated at 7.68% on 30 years fixed, but in her final stage of closure on the home that Plaintiff purchased, her interest rate at 9.90% on 30 years fixed for $135,000.00 loan.

## JURY DEMAND

46.     Plaintiff demands jury to hear and decide all issues of fact.

## REQUEST FOR RELIEF

# EXHIBIT "001"

47.  WHEREFORE, Plaintiff respectfully requests this Court grant any or all of the following relief:

   a. *Actual damages in an amount to be determined at trial.*

   b. *Statutory damages in an amount to be determined at trial.*

   c. *Punitive damages in an amount to be determined at trail.*

   d. *Costs and attorney fees provided by statute.*

   e. *Declaratory and Injunctive relief as appropriate.*

   f. *Any other relief the Court deems just.*

Respectfully Submitted,

/s/ _____
Tuyen Ngoc Phan, *Pro Se.*
9401 Osprey Branch Trail Unit 9
Jacksonville Florida 32257
(904) 859-3056
Email: tuyenphan@beyondcommunications.net